IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cornelius Mossette (2018-0804057), | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-cv-01235 |
| | ) | |
| v. | ) | |
| | ) | Judge John F. Kness |
| Tom Dart *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's renewed application to proceed *in forma pauperis* (Dkt. 6) is granted. The Court orders the trust fund officer at Plaintiff's place of confinement to deduct $26.30 from Plaintiff's account for payment to the Clerk as an initial partial payment of the filing fee, and to continue making monthly deductions as detailed in this order. Plaintiff's complaint (Dkt. 1), however, is dismissed without prejudice. Plaintiff's motion for attorney representation (Dkt. 4) is granted. The Court recruits attorney Scott Carlton Sands, 161 N. Clark Street, 21st Floor, Suite 2100, Chicago, IL 60601, (312) 372-3822, ssands@anesilaw.com to represent Plaintiff in accordance with counsel's trial bar obligations under N.D. Ill. Local Rules 83.11(h) and 83.37.[1] On or before July 10, 2023, counsel must file an appearance, correspond with Plaintiff, and file an amended complaint. If counsel believes that filing an amended complaint would be inconsistent with counsel's Rule 11 obligations, counsel should notify the Court by the July 10 deadline. The Court notifies Plaintiff's counsel that *pro bono* litigation resources are available on the District's website at http://www.ilnd.uscourts.gov, by clicking on the link to Resources for *Pro Bono* Attorneys in the Trial Bar. Another resource is an attorney with the Uptown People's Law Center, Mr. Alan Mills, who may be reached at alan@uplcchicago.org. In addition, counsel should review Local Rule 54.1 for the rules addressing the taxation of costs and the limits established by the Judicial Conference of the United States and/or published rates on the Court's website. The Clerk is

---

[1] The recruited attorney falls within the class of users listed in the Electronic Public Access fee schedule adopted by the Judicial Conference of the United States, therefore, the above-named attorney shall be exempt from the payment of fees for access via PACER to the electronic case files maintained in this court for the above-captioned case and the previous cases filed in this court by this plaintiff (19CV8469) only. The assigned attorney shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system in this court. This exemption is valid immediately and for the duration of the attorney's participation in the matter. This exemption may be revoked at the discretion of the Court at any time. The attorney shall contact the PACER Service Center at 1-800-676-6856 or via the link below to make any necessary arrangements for the waiver. A copy of this order shall be sent to the PACER Service Center at https://pacer.uscourts.gov/. A copy of this order shall also be sent to the Systems Department of the Northern District of Illinois.

directed to send a copy of this order to Plaintiff, recruited counsel, and to the PACER Service Center and Systems Department as set forth below. See accompanying Statement for details.

## STATEMENT

Plaintiff Cornelius Mossette, an inmate at the Cook County Jail (the "Jail"), brings this *pro se* civil rights action under 42 U.S.C. § 1983 relating to medical care provided by the Jail. Plaintiff's renewed *in forma pauperis* application, his complaint for initial review, and his motion for attorney representation are before the Court.

Plaintiff's renewed application for leave to proceed *in forma pauperis* is granted. Under 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $26.30 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10 or more, until the $350 filing fee is paid in full. The Court directs the trust fund officer to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments must be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and should clearly identify Plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. § 1915A, the Court is required to screen prisoners' complaints and dismiss the complaint, or any of its claims, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts must screen prisoners' complaints in the same manner they review motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain enough facts, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts must construe the allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts must also "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff alleges that, in early July 2021, as he was housed in Division 9 (Tier 1A) of the jail, he fell from the top bunk bed and broke his "right" collarbone. (Dkt. 1 at pg. 4.) Plaintiff alleges that he "brought this concern to Cook County's Medical Staff," including various known and unknown nurses. (*Id.*) Plaintiff claims that his concerns were not taken seriously and he was

"shown inadequate medical care." (*Id.*) Plaintiff's allegations appear to be that, because of the lack of medical attention, he "[is] now unable to fully mobilize [his] right arm and [his] collarbone has healed, disfigured, and has constant pain." (*Id.*) Plaintiff asserts that "these issues ha[ve] caused mental and physical problems that could have been prevented had [he] been giv[en] proper medical attention by Cook County Jail's medical staff nurses, doctors[.]" (*Id.* at pgs. 4-5.) Plaintiff further asserts that, since the incident, jail officers continue to "handcuff [him] to the back disregarding [his] injury still causing further pain." (*Id.* at pg. 5.) Plaintiff alleges that he is "still being bunk[ed] at the top causing nightmares of the same injury that took place with [his] collarbone." (*Id.*) Plaintiff alleges that he never had any issues with the "mobility" of his arm before the incident and now he is "handicapped in [his] right arm." (*Id.*) Plaintiff brings his claim, it appears, against Tom Dart and various other known and unknown medical personnel.[2] (*Id.* at pgs. 1-2.)

Plaintiff's complaint is thin on facts, but his allegations arguably state a constitutional claim for inadequate medical care. An inadequate medical care claim brought by a pretrial detainee under the Fourteenth Amendment is subject to an objective unreasonableness standard. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). To state such a claim plausibly, Plaintiff must allege facts indicating that he faced a serious medical condition and that jail officials made purposeful, knowing, or possibly reckless (as opposed to negligent) decisions to respond to that risk in a manner that was objectively unreasonable under the circumstances. *Id.*

Plaintiff alleges that, in July 2021, he fell off a top bunk and broke his collarbone. Plaintiff states that he alerted certain medical personnel to his "concerns" and that these individuals did not respond in an adequate manner. Plaintiff's allegations appear to assert that, as a result of the lack of medical attention, Plaintiff's collarbone injury did not heal properly and that, as a result, Plaintiff continues to experience pain and mobility issues. Plaintiff also describes experiencing additional pain (from being handcuffed behind his back) and nightmares (from having to sleep on a top bunk). These allegations, although not robust, suggest, at least at this early stage, that Plaintiff faced a serious medical need and that certain Jail personnel may not have responded in an objectively reasonable manner.

Summonses shall not issue at this time, as the Court dismisses the complaint on file without prejudice. Given the potential complexity of the medical issues involved in this case (coupled with the fact that Plaintiff will need to name and identify appropriate Defendant(s) to his medical claim), the Court finds that the recruitment of counsel is warranted. *See Mapes v. Indiana*, 932 F.3d 968, 971–72 (7th Cir. 2019) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 784 (7th Cir. 2015) ("Where an inmate alleges an objectively serious medical condition, it may be better to appoint counsel—so that he or she can investigate and flesh out any claim that may exist—than to dismiss a potentially meritorious claim")).

---

[2] The cover page of the complaint identifies the following as Defendants: (1) Tom Dart; (2) C.C.H.S.; (3) Cermak Medical Nurse Jane Doe and Doctor John Doe; (4) Div-9 Jane Doe and John Doe; (5) Medical Staff Doctor Jane Doe; and, (6) Nurse Muhammad Div 9. (Dkt. 1 at pg. 1.) The second page of the complaint identifies the following as Defendants: (1) Tom Dart; (2) Cermak Medical Nurse and Doctor; and (3) Div-9 Medical Staff Nurse Muhammad. (*Id.* at pg. 2.)

Accordingly, the Court grants Plaintiff's motion for attorney representation and recruits attorney Sands to represent Plaintiff in accordance with counsel's trial bar commitment under Local Rule 83.37 (N.D. Ill.). After investigation, counsel should file an amended complaint by the above deadline. If counsel is unable to file an amended complaint consistent with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure, counsel should so inform the Court. When drafting any amended pleading, recruited counsel should keep in mind that § 1983 creates a cause of action based on personal liability and predicated on fault, so a defendant must be alleged to have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Section 1983 does not permit *respondeat superior*-based claims. *Perez*, 792 F.3d at 781.

Plaintiff is advised that, under Local Rule 83.40 and the Regulations Governing the Prepayment & Reimbursement of Expenses of Court Assigned Counsel in *Pro Bono* Cases from the District Court Fund, any recovery (*e.g.*, settlement, judgment, award of fees, or costs) in excess of $50,000 requires reimbursement to the District Court Fund from such recovery for amounts paid on behalf of the receiving party in excess of $5,000.

SO ORDERED in No. 23-cv-01235.

Date:   June 13, 2023

_____
JOHN F. KNESS
United States District Judge